IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON BURGOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-238-J |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | )s |

**O R D E R**

AND NOW, this 8th day of December, 2023, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 13) filed in the above-captioned matter on April 14, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on March 20, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED. The matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Sharon Burgoon protectively filed claims for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401, 1381 *et seq.*, claiming that she became disabled on March 31, 2020 due to back, hip, and leg pain. (R. 15, 275-84). After being denied initially on April 27, 2021 and upon reconsideration on July 2, 2021, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ") on July 9, 2021. (R. 15, 69-96, 140-41). After a telephone hearing was held on

November 10, 2021, ALJ Susan Smith denied Plaintiff's request for benefits in an unfavorable decision dated November 26, 2021. (R. 15-22). On October 25, 2022, the Appeals Council declined to review the ALJ's decision. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment. (Doc. Nos. 11, 13).

**II.     Standard of Review**

The Court's scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) ("'[t]he findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive'") (quoting 42 U.S.C. § 405(g)) (emphasis in original); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) ("[w]e have plenary review of all legal issues . . . and review the ALJ's findings of fact to determine whether they are supported by substantial evidence."). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence. *See Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). If the Court finds the Commissioner's findings of fact are supported by substantial evidence, then it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g))..

"Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to

resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). Additionally, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

"[A] disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting *Plummer*, 186 F.3d at 427) (internal quotations omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The ALJ's disability determination is based on a five-step sequential evaluation process promulgated by the Social Security Administration. 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the ALJ moves on to the second step of the process, which is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or

combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at §§ 404.1522, 416.922.  If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits.  If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If a claimant meets a listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

At Step Four, the ALJ must formulate the claimant's residual functional capacity ("RFC").  A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. §§ 404.1545(a), 416.945(a).  The ALJ must consider all the evidence in the record in formulating the RFC. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000).  The claimant bears the burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.*  The ALJ must further analyze the cumulative effect of all the claimant's

impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at §§ 404.1523, 416.923.

**III.     The ALJ's Decision**

In her November 26, 2021 decision, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, March 31, 2020. (R. 17). The ALJ further found that Plaintiff had several severe impairments: degenerative disc disease and right knee arthritis. (R. 17-18). However, the ALJ concluded that none of Plaintiff's impairments or combination of impairments met any of the listings. (R. 18).

At the next step of the process, the ALJ found that Plaintiff retained the RFC to perform a full range of medium work with no additional limitations. (R. 18). In formulating this RFC, the ALJ evaluated the entirety of the record, including the Plaintiff's testimony and third-party statements. (R. 21 (citing Ex. 13E)). The ALJ found that these third-party statements were "inconsistent because there is notably no complaint of radicular symptoms or daily bilateral lower extremity numbness in the pain management records[.]" (R. 21 (citing Exs. 3F/25, 28, 29, 35, 38; 5F/1)). The ALJ went on to explain that Plaintiff "explicitly denied any lower extremity radicular symptoms as recently as March 2021 (Ex. 3F/33), and there are no deficits in sensation or strength on examination." (R. 21).

Applying this RFC, the ALJ proceeded to determine that Plaintiff could perform past relevant work as a warehouse worker and daycare worker. (R. 21). Accordingly, the ALJ found Plaintiff was not disabled. (R. 22).

**IV.     Legal Analysis**

Plaintiff sets forth several arguments as to why the ALJ's finding that she is not disabled is not supported by substantial evidence. (Doc. No. 12). First, Plaintiff argues that the ALJ

impermissibly rejected the state agency findings and substituted her own lay opinion for that of a medical expert. (*Id.* at 16). Second, she posits that the ALJ's limitations are inconsistent with the objective evidence in the record. (*Id.* at 14-16). Third, Plaintiff argues that the ALJ discounted third-party statements regarding the intensity, persistence, and limiting effects of her symptoms by ignoring record evidence showing Plaintiff's complaints of radicular symptoms. (*Id.* at 13-14). As to this third argument, the Court agrees and finds that the ALJ erred by ignoring relevant record evidence, specifically Plaintiff's complaint of radicular symptoms in her pain management records. (Exs. 3F/25, 29; 5F/1). The ALJ ignored this evidence when she found Plaintiff made "no complaint of radicular symptoms" and used this inaccurate statement to find Plaintiff's and third parties' statements inconsistent with the record evidence. (R. 21). Accordingly, the Court cannot find the ALJ's decision to be supported by substantial evidence, and remand is necessary for further consideration and discussion of this issue.

In asserting that the ALJ erred by misstating that Plaintiff made no complaint of radicular symptoms in her pain management records, Plaintiff notes that the ALJ's finding of inconsistency is contradicted by Dr. Saylor's finding that, in addition to severe degenerative changes seen on Plaintiff's right knee x-ray, her lumbar impairments were likely contributing to her radiating pain. (Doc. No. 12 at 13-14 (citing R. 418, 441-44, 445-49, 469)). Naturally, Defendant disagrees and counters that the ALJ correctly found that Plaintiff's and third parties' statements were inconsistent with the record evidence because there were no complaints of radicular symptoms or bilateral lower extremity numbness in the pain-management records. (Doc. No. 14 at 15 (citing R. 20, 418, 421, 422, 428, 431, 445)). Defendant, like the ALJ, emphasizes that Plaintiff denied any lower extremity radicular symptoms as recently as March

2021 and her examinations showed no deficits in sensation or strength. (Doc. No. 14 at 15 (citing R. 21, 426)).

In formulating a claimant's RFC, the ALJ must consider all relevant evidence and include "a clear and satisfactory explication of the basis on which [the RFC] rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704). The ALJ may not ignore or fail to resolve a conflict created by countervailing evidence. *Morales*, 225 F.3d at 317. Additionally, ALJs may not mischaracterize or overlook evidence. *Cotter*, 642 F.2d at 706. Here, the ALJ ignored, or at least overlooked, record evidence to support finding an inconsistency upon which the RFC is based. (R. 21).

While the ALJ cited record evidence in describing how she crafted the RFC, the ALJ's decision did not account for all of the evidence. In essence, then, the ALJ explained her RFC by inaccurately summarizing record evidence. (*Id.*). Indeed, in explaining why she rejected Plaintiff's and third-party statements the ALJ stated:

> As for the claimant's statements and the third party statements at Exhibit 13E, about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because there ***is notably*** no complaint of radicular symptoms or daily bilateral lower extremity numbness in the pain management records (Exs. 3F/25, 28, 29, 35, 38; 5F/1).

(R. 21) (emphasis added). While this would be a permissible reason to find evidence inconsistent with the record, it is not permissible here because the ALJ's summary of the record evidence is inaccurate.

The ALJ's cited evidence, Exs. 3F/25, 28, 29, 35, 38, and 5F/1, are medical records showing Plaintiff's visits to Allegheny Pain Management, PC, on various dates from September 15, 2020 to July 6, 2021. Several of these exhibits show Plaintiff complaining of radicular symptoms. Specifically, Exhibit 3F, page 25, shows that Plaintiff complained of back pain and

described the pain as "dull, sore, aching, tight, sharp, burning, and stabbing . . . [and complained that] [t]he pain radiates to bilateral tailbone." (R. 418). Additionally, Exhibit 3F, page 29, notes that Plaintiff complained of back pain that was "sharp" and "refers to bilateral buttocks." (R. 422). Similarly, Exhibit 3F, page 35, shows that Plaintiff had back pain that was "dull, sore, aching, tight, sharp, shooting, and stabbing . . . [and] referred to right buttocks." (R. 428). Exhibit 5F, page 1, notes that Plaintiff complained of back and bilateral leg pain, stating, "the pain has been present for many years. She describes the pain as dull, sore, aching, tight, and burning. The pain radiates to bilateral anterior leg(s), posterior leg(s), and right hip." (R. 445).

      Contrary to the ALJ's opinion, these cited exhibits show that Plaintiff complained of radicular symptoms. "Radicular pain is caused by irritation of the sensory root or dorsal root ganglion of a spinal nerve. . . . Lumbar radicular pain is sharp, shooting or lancinating, and is typically felt as a narrow band of pain down the length of the leg, both superficially and deep." Jay Govind, *Lumbar Radicular Pain*, Pub Med (June 2004), https://www.ncbi.nlm.nih.gov/pubmed/15253601; *see also* Pamela Verkuilen, APNP, Nurse Practitioner, *Radiculopathy, Radiculitis and Radicular Pain*, SPINE-health (Nov. 18, 2005), https://www.spine-health.com/conditions/spine-anatomy/radiculopathy-radiculitis-and-radicular-pain ("neck problems that affect a cervical nerve root can cause pain and other symptoms through the arms and hands (radiculopathy), and low back problems that affect a lumbar nerve root can radiate through the leg and into the foot (radiculopathy, or sciatica), thus prompting leg pain and/or foot pain."). Here, Plaintiff's complaints of back pain radiating to her bilateral tailbone, sharp back pain that refers to bilateral buttocks and right buttocks, and back pain radiating to bilateral anterior legs, posterior legs, and right hip, fit the definition of radicular symptoms. (R. 418, 422, 428, 445). Accordingly, the ALJ's reasoning that Plaintiff's and third

parties' statements were "inconsistent because there is notably no complaint of radicular symptoms" is not supported by substantial evidence. (R. 21).

Further, because the RFC is not supported by substantial evidence, the ALJ's incorporation of Plaintiff's RFC into the VE hypothetical was error. "A hypothetical question posed to a vocational expert 'must reflect *all* of a claimant's impairments.'" *Burns v. Barnhart*, 312 F.3d 113, 123 (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)) (emphasis in original). Here, it is unclear whether the RFC incorporated all of Plaintiff's impairments as the ALJ ignored evidence in the record.

The Court further notes that an ALJ's decision need not be so comprehensive as to account with meticulous specificity for each finding contained therein. Likewise, the Court does not fault the ALJ for failing to discuss every piece of evidence in the record. *See Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citation omitted). However, the Court is unable to review the ALJ's findings where the ALJ failed to "build an accurate and logical bridge between the evidence and the result." *Id.* The Court cannot assume that the ALJ would craft the exact same RFC had she considered all the record evidence and not ignored evidence in favor of finding an inconsistency. *See Fargnoli*, 247 F.3d at 44 n.7 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943)). Here, the ALJ failed to address evidence, instead claiming the absence of this evidence as notable. (R. 21). Therefore, the Court will remand the matter so that the ALJ can consider all the record evidence.

Although Plaintiff raises other arguments, the Court does not reach these because it has already found a remand warranted. The Court, however, does note that the ALJ should take care

to properly evaluate the state agency findings on remand and explain the objective evidence in the context of the found limitations.

## V.     Conclusion

In sum, the record does not permit the Court to determine whether the findings of the ALJ regarding Plaintiff's RFC are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record